UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCKINNEY,<br><br>    Plaintiff,<br><br>    vs.<br><br>DR. SINGH, et al.,<br><br>    Defendants. | 1:14-cv-00938-AWI-GSA-PC<br><br>ORDER STRIKING SURREPLY<br>(Doc. 21.) |

## I.    BACKGROUND

Robert McKinney ("Plaintiff"), a state prisoner proceeding pro se, filed the Complaint commencing this civil rights action pursuant to 42 U.S.C. § 1983 on June 18, 2014.  (Doc. 1.) This case now proceeds with the original Complaint, against defendants Dr. Singh and Dr. Malakka ("Defendants"), for inadequate medical care in violation of the Eighth Amendment.[1]

On March 2, 2015, Defendants filed a notice of suggestion of Plaintiff's death, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure.  (Doc. 12.)

---

[1] On November 18, 2013, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim.  (Doc. 17.)  Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983.  (Id.)

On April 13, 2015, non-party Robin L. Chacon filed a motion for substitution of party pursuant to Rule 25(a).  (Doc. 14.)  On April 24, 2015, Defendants filed an opposition to the motion.  (Doc. 17.)  On May 20, 2015, Robin L. Chacon filed a reply to the opposition.  (Doc. 20.)

On June 4, 2015, Defendants filed a renewed opposition to the motion for substitution of party, which the court construes as a surreply.  (Doc. 21.)

## II.     SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed.  USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013).  The Local Rules provide for a motion, an opposition, and a reply.  Neither the Local Rules nor the Federal Rules provide the right to file a surreply, and the Court neither requested one nor granted a request on the behalf of Defendants to file one.  A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).  Defendants have not shown good cause for the court to allow them to file a surreply.  Therefore, Defendants' surreply, filed on June 4, 2015, shall be stricken from the record.

## III.    CONCLUSION

Accordingly, it is HEREBY ORDERED that Defendants' surreply, filed on June 4, 2015, is STRICKEN from the court's record.

IT IS SO ORDERED.

Dated:   **June 5, 2015**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE