UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT McKINNEY,<br><br>       Plaintiff,<br><br>  vs.<br><br>SINGH, et al.,<br><br>       Defendants. | 1:14-cv-00938-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT MOTION FOR SUBSTITUTION BE DENIED, AND THAT THIS ACTION BE DISMISSED<br>(Doc. 14.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I.    BACKGROUND

Robert McKinney ("Plaintiff"), a state prisoner proceeding pro se, filed the Complaint commencing this civil rights action pursuant to 42 U.S.C. § 1983 on June 18, 2014.  (Doc. 1.) This case now proceeds with the original Complaint, against defendants Dr. Singh and Dr. Malakka ("Defendants"), for inadequate medical care in violation of the Eighth Amendment.[1]

On March 2, 2015, Defendants filed a notice of suggestion of Plaintiff's death, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure.  (Doc. 12.)

---

[1]  On November 18, 2013, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim.  (Doc. 17.)  Defendants Lieutenant D. Augustus, Sergeant J. S. Diaz, Licensed Vocational Nurse (LVN) A. Serna, LVN B. Ismat, LVN I. Bari, LVN J. Canada, LVN Z. Nartume, and John Doe were dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted under §1983, and Plaintiff's claims based on supervisory liability and claims for conspiracy and violation of due process were dismissed from this action for Plaintiff's failure to state a claim under § 1983.  (Id.)

On April 13, 2015, non-party Robin L. Chacon filed a motion for substitution pursuant to Rule 25(a).  (Doc. 14.)  On April 24, 2015, Defendants filed an opposition to the motion. (Doc. 17.)  On May 20, 2015, Plaintiff filed a reply to the opposition.  (Doc. 20.)

Robin L. Chacon's motion for substitution is now before the court.

## II.    MOTION FOR SUBSTITUTION

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that "[i]f a party dies and the claim is not extinguished, the Court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).  The procedural requirements, determined by both the express language of the rule as well as case law, must be satisfied in order for a court to grant the motion for substitution.  Survival actions are permitted under § 1983 if authorized by applicable state law.  42 U.S.C. § 1983; Byrd v. Guess, 137 F.3d 1126, 1131 (9th Cir. 1998).  California law provides that, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period."  Cal. Civ. Proc. Code § 377.20(a); Chavez v. Carpenter, 91 Cal.App.4th 1433, 1443, 111 Cal.Rptr.2d 534 (2001).

In the Ninth Circuit, the only persons who may be substituted as parties under Rule 25(a)(1) are legal representatives of the deceased.  Mallonee v. Fahey, 200 F.2d 918, 919 (9th Cir. 1952.)  California Probate Code § 58 defines a "personal representative" as an "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." Cal. Prob. Code § 58; Myers v. Philip Morris, Inc., 2003 WL 21756086 at *6 (E.D.Cal. 2003); Rose v. City of Los Angeles, 814 F.Supp. 878, 881 (C.D.Cal. 1993); Coats v. K-Mart Corp., 215 Cal.App.3d 961, 967, 264 Cal.Rptr. 12 (1989).

///

///

Non-party Robin L. Chacon ("Ms. Chacon"), daughter of deceased Plaintiff Robert McKinney, requests her substitution as a party to this action in place of her father, pursuant to Rule 25(a). Her motion reads as follows, in its entirety:

> I, Robin Chacon, is (*sic*) pleading to the court to allow a substitution of Parties after the death of my father, Robert McKinney, on January 17, 2015 for the above mentioned case. According to Rule 25(a)(1) of the Federal Rules of Civil Procedure governs the substitution of parties after death, providing for substitution where the claim is not extinguished by the death of the party.

(Motion, Doc. 14 at 1.).

Defendants oppose Ms. Chacon's motion on the grounds that she has not complied with California Code of Civil Procedure § 377.32(c), which requires a successor in interest, who brings or continues the "survival" action because no estate personal representative has been appointed, to file a certified copy of Plaintiff's death certificate together with an affidavit or declaration, stating specified information and signed under penalty of perjury. Defendants argue that until these defects are remedied, they have no choice but to oppose her motion.

In her reply, Ms. Chacon provides a certified copy of Robert McKinney's death certificate and a declaration, signed under penalty of perjury, that she is "the decedent's successor of the above mentioned plaintiff according to section 377.11 of the CCP and no proceeding is now pending in California for administration of the decedent's estate." (Declaration of Robin Chacon, Doc. 20 at 1.)

## III.   DISCUSSION

Ms. Chacon alleges that she is the daughter and successor in interest[2] of decedent Robert McKinney, but she provides no evidence that she is the decedent's legal representative. As discussed above, in this Circuit, the only parties who may be substituted under Rule 25(a) are legal representatives of the deceased. Therefore, Ms. Chacon's motion for substitution must be denied.

---

[2] A "'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11; Lowrie, 118 Cal.App.4th at 228 n. 10, 12 Cal.Rptr.3d 828.

**IV.    CONCLUSION AND RECOMMENDATIONS**

The court finds that non-party Robin L. Chacon has not provided evidence that she is Plaintiff's legal representative under California law.  Therefore, her motion for substitution should be denied.  In addition, in light of the expiration of the ninety-day deadline under Rule 25(a), this action should be dismissed in its entirety, due to Plaintiff's death.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.    Non-party Robin L. Chacon's motion for substitution, filed on March 20, 2015, be DENIED; and

2.    This action be DISMISSED under Rule 25(a), due to Plaintiff Robert McKinney's death.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __June 11, 2015__              _____/s/ Gary S. Austin_____
                                        UNITED STATES MAGISTRATE JUDGE

4