1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

| | |
|---|---|
| ROBERT McKINNEY,<br><br>                  Plaintiff,<br><br>          vs.<br><br>SINGH, et al.,<br><br>                  Defendants. | 1:14-cv-00938-AWI-GSA-PC<br><br>ORDER DECLING TO ADOPT FINDINGS<br>AND RECOMMENDATIONS<br>(ECF No. 23.)<br><br>ORDER FOR ADDITIONAL BRIEFING |

15

16   Robert McKinney ("Plaintiff") was a state prisoner proceeding pro se in this civil rights

17   action pursuant to 42 U.S.C. § 1983.[1]  The matter was referred to a United States Magistrate

18   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

19   On June 11, 2015, Findings and Recommendations ("F&R") were entered,

20   recommending that non-party Robin L. Chacon's ("Chacon") motion for substitution of parties

21   be denied, and that this case be dismissed due to Plaintiff's death.  (ECF No. 23.)  On June 29,

22   2015, Chacon filed objections to the F&R.  (ECF No. 25.)     On July 10, 2015, defendants

23   Malakka and Singh ("Defendants") filed a response to the objections.  (ECF No. 26.)

24   In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this

25   court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,

26   including the objections and response, the Court respectfully declines to adopt the F&R.

27

_____

28

[1] On March 2, 2015, a suggestion of Plaintiff's death was filed with the Court.  (ECF N. 12).  A copy of Plaintiff's certified death certificate was filed on May 20, 2015.  (ECF No. 20).

Under California Code of Civil Procedure § 377.20, a decedent's 42 U.S.C. § 1983 claim will survive the decedent's death.  <u>Chaudhry v. City of Los Angeles</u>, 751 F.3d 1096, 1103 (9th Cir. 2014).  Under Federal Rule of Civil Procedure 25, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative."  Fed. R. Civ. P. 25(a)(1).  "The movant must provide evidence that the party to be substituted is the successor in interest or legal representative of the decedent."  <u>FTC v. AMG Servs.</u>, 2014 U.S. Dist. LEXIS 82281, *7 (D. Nev. June 17, 2014); <u>Totten v. Blair Excavators, Inc.</u>, 2006 U.S. Dist. LEXIS 88510, *2-*3 (N.D. Cal. Nov. 22, 2006).  "It is well-established that a decedent's legal representative may substitute as plaintiff for the decedent in a cause of action," but generally it is not well-established "who may be considered the decedent's 'successor' under Rule 25(a)(1), and therefore, also a proper party for purposes of substitution."  <u>In re Baycol Prods. Litig.</u>, 616 F.3d 778, 783 (8th Cir. 2010); <u>Watts v. Novartis Pharms. Corp.</u>, 2015 U.S. Dist. LEXIS 40447, *12 (N.D. Oh. Mar. 30, 2015).  Whether a person is someone who may properly be substituted as a party is a substantive issue that depends upon state law.  <u>In re Baycol</u>, 616 F.3d at 788; <u>Thomas v. Baca</u>, 2014 U.S. Dist. LEXIS 86319, *2 (C.D. Cal. June 20, 2014)

Under California law, a "'personal representative' means executor, administrator, successor personal representative . . . or a person who performs substantially the same function under the law of another jurisdiction . . . ."  Cal. Prob. Code § 58; <u>Thomas</u>, 2014 U.S. Dist. LEXIS 86319 at *3-*4.  Under California law, a "'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action."  Cal. Code Civ. P. § 377.11; <u>Thomas</u>, 2014 U.S. Dist. LEXIS 86319 at *4.  A "beneficiary of the decedent's estate" means a beneficiary named in a decedent's will or a beneficiary under California's rules of intestacy.  Cal.Civ.P. Code § 377.10; <u>Thomas</u>, 2014 U.S. Dist. LEXIS 86319 at *4.  To establish one's standing as a "successor in interest," a person must follow the

requirements of California Code of Civil Procedure § 377.32.[2]  See Hayes v. County of San Diego, 736 F.3d 1223, 1228 (9th Cir. 2013); Barnes v. City of Pasadena, 508 Fed. Appx. 663, 664 (9th Cir. 2013); Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006).

In her reply memorandum, Chacon declared under penalty of perjury that she is Plaintiff's successor in interest as defined by California Code of Civil Procedure § 377.11 and that there is no on-going administration of Plaintiff's estate.  (ECF No. 20)  Chacon also submitted a certified copy of Plaintiff's death certificate.  See id.  This evidence tends to indicate that Ms. Chacon is Plaintiff's successor in interest, but it is insufficient to establish Chacon's standing as the successor in interest.  The information provided in Chacon's reply satisfies § 377.32 subsections (a)(3) and (c), but that is all.  The reply memorandum does not meet the requirements of § 377 subsections (a)(1), (a)(2), (a)(4), (a)(5),[3] (a)(6), and (a)(7). Thus, Ms. Chacon has not established that she is the successor in interest to Plaintiff.

---

[2]  California Code of Civil Procedure 377.32 reads:
(a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:
    (1) The decedent's name.
    (2) The date and place of the decedent's death.
    (3) "No proceeding is now pending in California for administration of the decedent's estate."
    (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.
    (5) Either of the following, as appropriate, with facts in support thereof:
        (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."
        (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."
    (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."
    (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."
(b) Where more than one person executes the affidavit or declaration under this section, the statements required by subdivision (a) shall be modified as appropriate to reflect that fact.
(c) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration.

[3] The reply memorandum does quote the required language of § 377.32(a)(5)(A).  However, subsection (a)(5) requires that supporting facts also be alleged.  Chacon's reply does not include any supporting facts.

In her objections to the F&R, Chacon did not address § 377.32, but instead submitted a copy of an Advanced Health Directive, which included a power of attorney.  (ECF No. 25)  The power of attorney does not aid Chacon because it is limited to the health issues of Plaintiff, and it ceased to operate upon Plaintiff's death.  The directive/power of attorney does not speak to Chacon's status as Plaintiff's legal representative or successor in interest.  See Cal. Prob. Code § 58; Cal. Code Civ. P. §§ 337.11, 337.32.

Given that it is Chacon's burden to establish that she should be substituted for Plaintiff, the Court would normally find that Plaintiff did not meet her burden, deny the motion, and close this case.  However, under the circumstances of this case, the Court believes that it is appropriate to give Chacon one last opportunity to demonstrate her status as Plaintiff's successor in interest.

The F&R noted that Chacon alleged that she is Plaintiff's successor in interest, but the F&R found Chacon's arguments unpersuasive because only legal representatives can be substituted under Rule 25(a)(1).  The F&R relied on *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952).  The F&R did not address § 377.32.  The Court respectfully does not agree that only a legal representative, and not a successor in interest, can be substituted under Rule 25(a)(1).

The express language of Rule 25(a)(1) states that a successor *or* a representative of the decedent may be substituted.  Fed. R. Civ. P. 25(a)(1) (emphasis added).  *Mallonee* involved surviving board members attempting to be substituted for a deceased board member.  See Mallonee, 200 F.2d at 919-20.  It did not involve a family member attempting to substitute into a case as the successor in interest.  See id.  When *Mallonee* held that only "legal representatives" were contemplated by Rule 25(a)(1), it appears that the court was referring to the term "representative," not to the term "successor."[4]  Cf. In re Baycol Prods. Litig., 616 F.3d at 783 (citing *Mallonee* for the proposition that it was well established that a "legal representative" may be substituted, but noting that it was not well established who may qualify

---

[4] To be clear, a person seeking to substitute into a case as a "representative" under Rule 25(a)(1) must show that he is the "legal representative" of the deceased.  See Mallonee, 200 F.2d at 919.

as a "successor," and "therefore, *also* [be] a proper party for purposes of substitution.") (emphasis added).  This tends to be confirmed by decisions by and within the Ninth Circuit that permit a successor in interest to be substituted for a deceased party under Rule 25(a)(1).  <u>E.g.</u>, <u>Kessler v. Nickless & Phillips P.C.</u>, 323 Fed. Appx. 599, 600 (9th Cir. 2009); <u>Veliz  v. Cintas Corp.</u>, 2008 U.S. Dist. LEXIS 79833, *6-*7 (N.D. Cal. July 17, 2008); <u>Walton v. Channel Star Excursions, Inc.</u>, 2007 U.S. Dist. LEXIS 21441, 14-15 (E.D. Cal. Mar. 8, 2007); <u>accord</u> <u>Thomas</u>, 2014 U.S. Dist. LEXIS 86319 at *4-*5 (denying Rule 25(a) motion to substitute where moving party failed to establish that he was the successor in interest to the decedent). Therefore, either a successor in interest or a legal representative can be substituted for a deceased party under Rule 25(a)(1).  <u>Totten</u>, 2006 U.S. Dist. LEXIS 88510 at *2-*3.

Given the F&R's analysis, it is understandable that Chacon (as a pro se litigant) did not submit additional evidence or make additional arguments regarding her standing as a successor in interest under § 377.32.  Therefore, the Court will give Chacon one last opportunity to meet the requirements of § 377.32 and demonstrate that she is the successor in interest to Plaintiff.[5] Failure of Chacon to timely submit additional evidence and briefing, or a failure to meet the criteria of § 377.32, will result in the denial of Chacon's motion to substitute and the closure of this case.

## ORDER

Accordingly, THE COURT HEREBY ORDERS that:

1. The Court respectfully declines to adopt the Findings and Recommendations issued on June 11, 2015 (ECF No. 23);

2. Non-party Robin L. Chacon has twenty-one (21) days from the service of this order to file additional briefing and evidence regarding her standing as the

---

[5] Under Rule 25, once a suggestion of death is made on the record, there is a 90-day time limit in which a person must move to be substituted for the decedent.  <u>See</u> Fed. R. Civ. P. 25(a)(1).  The suggestion of death was filed in March 2015, and Chacon filed her motion for substitution in April 2015, well within the 90-day period.  The Court views the additional briefing being ordered to be part of the April 2015 motion to substitute.

1    successor in interest under California Code of Civil Procedure 377.32;[6] and

2    3.    The Clerk of the Court is directed to serve a copy of this order on Robin L.

3    Chacon at the following address:

**Robin L. Chacon
1010 S. Crenshaw Ct.
Visalia, CA 93277**

IT IS SO ORDERED.

Dated:   August 10, 2015

_____
                                SENIOR   DISTRICT   JUDGE

---

[6] Because there is no "mail box rule" for non-incarcerated parties, the Court must actually be in possession of the additional evidence.  A post-mark within the required time period is insufficient.