UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT McKINNEY,<br><br>        Plaintiff<br><br>    v.<br><br>SINGH, et al.,<br><br>        Defendant | CASE NO. 1:14-CV-938 AWI GSA (PC)<br><br>ORDER ON MOTION FOR SUBSTITUTION OF PARTIES AND ORDER CLOSING CASE<br><br>(Doc. No. 14) |

      On August 10, 2015, the Court declined to adopt a Findings and Recommendation regarding Robin Chacon's motion for substitution. See Doc. No. 28.  Defendant had filed a suggestion of death for Plaintiff, and Ms. Chacon, who is Plaintiff's daughter, moved to be substituted as the plaintiff.  The Court found that Plaintiff had not established that she was Plaintiff's successor under Federal Rule of Civil Procedure 25(a) and California Code of Civil Procedure 377.32.  See id.  However, the Court gave Plaintiff a final opportunity to show that she is Plaintiff's successor in interest.  See id.

      On August 17, 2015, Ms. Chacon submitted a document entitled "Request For Funds And/Or Property Of A Decedent."  See Doc. No. 29.  Ms. Chacon also stated that she has received Plaintiff's property, but is still waiting on the estate, and once she receives a final order showing the distribution of the cause of action to the successor in interest, she will forward a copy of to the Court.  See id.

      To establish one's standing as a "successor in interest," a person must follow the requirements of California Code of Civil Procedure § 377.32.  See Hayes v. County of San Diego, 736 F.3d 1223, 1228 (9th Cir. 2013); Barnes v. City of Pasadena, 508 Fed. Appx. 663, 664 (9th Cir. 2013); Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006).

California Code of Civil Procedure 377.32 reads in relevant part:

> (a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:
> (1) The decedent's name.
> (2) The date and place of the decedent's death.
> (3) "No proceeding is now pending in California for administration of the decedent's estate."
> (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.
> (5) Either of the following, as appropriate, with facts in support thereof:
> (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."
> (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."
> (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."
> (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."
>
> (b) Where more than one person executes the affidavit or declaration under this section, the statements required by subdivision (a) shall be modified as appropriate to reflect that fact.
>
> (c) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration.

Cal. Code Civ. Pro. 377.32(a)-(c).

Here, Ms. Chacon has not met the requirements of § 377.32. Ms. Chacon has not submitted a declaration that addresses each of the seven items required by § 377.32(a). On May 20, 2015, Ms. Chacon submitted a declaration that met the requirements of § 377.32(a)(3), and she also attached a certified copy of Plaintiff's death certificate, as required by § 377.32(c). However, these were the only requirements of § 377.32(a) that the May 20, 2015 declaration satisfied. Although information has been provided that would form the basis for addressing subsections (a)(1), (a)(2), and (a)(4), that information is not contained in a declaration as required by §

377.32(a). Furthermore, there has been nothing submitted that addresses subsections (a)(5),[1] (a)(6), (a)(7), and (b). Because Ms. Chacon has not submitted a declaration that meets the requirements of each of § 377.32(a)'s seven subsections, Ms. Chacon has not adequately shown that she is Plaintiff's successor for purposes of Federal Rule 25.

In Defendant's objections to Ms. Chacon's motion for substitution, § 377.32 was quoted. See Doc. No. 17. Ms. Chacon responded to Defendants' objection by filing the May 20, 2015 declaration, which partially addresses § 377.32. See Doc. No. 20. The Court also identified the requirements of § 377.32 for Ms. Chacon in the August 10, 2015 order. See Doc. No. 28. The Court also warned Ms. Chacon that the failure to meet the requirements of § 377.32 would result in the denial of the motion for substitution and the dismissal of this case. See id. Because the requirements of § 377.32 have not been met, Ms. Chacon's motion for substation will be denied. Furthermore, because more than 90 days have now passed since the suggestion of death was filed in March 2015, dismissal is proper. See Fed. R. Civ. P. 25(a)(1).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Ms. Chacon's motion for substitution (Doc. No. 14) is DENIED; and
2. Pursuant to Federal Rule of Civil Procedure 25(a)(1) and the death of Plaintiff, this case is DISMISSED;
3. The Clerk shall CLOSE this case; and
4. The Clerk of the Court is directed to serve a copy of this order on Robin L. Chacon at the following address:   **Robin L. Chacon**
   **1010 S. Crenshaw Ct.**
   **Visalia, CA 93277**

IT IS SO ORDERED.

Dated:   August 28, 2015                                    _____
                                                                                        SENIOR  DISTRICT  JUDGE

---

[1] Tthe May 20, 2015 declaration contains the required language of § 377.32(a)(5)(A). However, as the Court previously noted in its August 10, 2015 Order, no factual basis for the statement was provided. See Doc. No. 28.